IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD VROOMAN,
*by next friend R. KOENIG*,

        Petitioner,

    v.

JOHN T. MERCER; PAT GARRETT;
and T. KEMPTON,

        Respondents.

Case No. 3:17-cv-00138-KI

ORDER

KING, Judge.

    Petitioner, who is currently incarcerated at the Washington County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 through his "next friend" R. Koenig. For the reasons that follow, the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED, and this action is DISMISSED.

1 - ORDER -

## BACKGROUND

On January 24, 2017, Petitioner was convicted in Beaverton Municipal Court on a charge of driving without a license, and sentenced to 20 days of imprisonment. On January 27, 2017, R. Koenig signed and filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 as "next friend" on behalf of Petitioner.[1] Petitioner contends he was wrongfully convicted because Oregon law does not require a driver's license to operate a motor vehicle in Oregon unless a person is making a commercial use of a public highway. Petitioner alleges he has not yet filed a state court appeal from the conviction, but that he intends to do so.

## DISCUSSION

Under 28 U.S.C. § 2254, this court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A discrete set of Rules govern habeas proceedings launched by state prisoners." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254) ("Habeas Rules")) (footnote omitted). Habeas Rule 4 requires

---

[1] Pursuant to 28 U.S.C. § 2242, "a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." (Emphasis added). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the case on behalf of the detained person." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). In order to establish standing, the putative "next friend" must (1) provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) have some significant relationship with, and be truly dedicated to the best interests of, the person on whose behalf he seeks to litigate. *Massie v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001); *see Whitmore*, 495 U.S. at 163. The Court notes the Petition filed by Petitioner's "next friend" does not satisfy these requirements, but in light of the disposition of the Petition declines to rule on the propriety of the "next friend" filing.

a district court to *sua sponte* dismiss a petition without ordering a responsive pleading from the respondent "[i]f it plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983).

A petitioner has the burden of demonstrating he has exhausted his available state remedies. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). In assessing a petition pursuant to Rule 4, federal courts may raise exhaustion problems *sua sponte*. *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (citing *Granberry v. Greer*, 481 U.S. 129, 134 (1987)). Here, Petitioner affirmatively represents that he has not yet presented any of his instant claims to the Oregon courts on appeal or through post-conviction proceedings. Accordingly, it plainly appears from the face of the Petition that Petitioner cannot meet his burden to demonstrate that he has exhausted his claims.

The Court notes that Petitioner's sentence is relatively short. The exhaustion requirement may be excused if there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §

2254(b)(1)(B). State remedies may be found to be "ineffective" in rare cases where exceptional circumstances of peculiar urgency are shown to exist. *See Granberry*, 481 U.S. at 134. Similarly, state remedies may be rendered "ineffective" by extreme or unusual delay attributable to the state. *Edelbacher v. Calderon*, 160 F.3d 582, 586-87 & n.5 (9th Cir. 1998). Mere brevity of a sentence, however, does not constitute an exceptional circumstance sufficient to excuse the exhaustion requirement. *Brown v. Poulos*, Civil No. 08cv17JM(NLS), 2008 WL 5582439, at *4 (S.D. Cal. Nov. 21, 2008). To hold otherwise would permit every state prisoner with a short sentence to by-pass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.

Petitioner has not alleged any facts establishing that state remedies will be ineffective to protect his rights. Accordingly, the Petition is summarily denied pursuant to Rule 4.

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is summarily DENIED and this action is DISMISSED. The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   31st   day of January, 2017.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge